IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD

**DEVORIOUS MONTEZ WOODEN JONES,**

    **Petitioner,**

v.                                          Case No. 1:16-cv-05767

**B.J. JOHNSON, Warden,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**BACKGROUND AND PETITIONER'S CLAIMS**

    **A.**    **The petitioner's conviction and direct appeal.**

On September 21, 2011, the petitioner pled guilty, pursuant to a written plea agreement, in the United States District Court for the Northern District of Georgia to one count of Conspiracy to Commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a) (Count One of Second Superseding Indictment). *United States v. Jones*, No. 1:10-cr-00453-4-ODE-JFK, ECF No. 130 (N.D. Ga. Sept. 21, 2011). On October 11, 2011, the United States District Court for the Northern District of Georgia conducted a bench trial and found the petitioner guilty of one count of Possession of a Firearm During the

Commission of a Felony, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two of the Second Superseding Indictment). *Id.*, ECF No. 138.

On February 8, 2012, the petitioner was sentenced to 46 months in prison on Count One and a consecutive 84-month sentence on Count Two. *United States v. Jones*, No. 1:10-cr-00453-ODE-JFK, ECF No. 161 (N.D. Ga. Feb. 8, 2012).[1] On November 20, 2012, the United States Court of Appeals for the Eleventh Circuit affirmed the petitioner's Judgment. *United States v. Jones*, 498 F. App'x 900 (11th Cir. Nov. 20, 2012). The petitioner's Petition for a Writ of Certiorari was denied by the Supreme Court of the United States on March 25, 2013. *Jones v. United States*, 568 U.S. 1257 (2013).

### B. The petitioner's section 2255 motions.

On March 31, 2014, the petitioner filed his first Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. *United States v. Jones*, No. 1:10-cr-00453-4-ODE-JFK, ECF No. 191. On May 8, 2015, the Georgia District Court denied the petitioner's Amended Section 2255 Motion and denied a certificate of appealability. *Id.*, ECF No. 208. The petitioner's subsequent appeal of the denial of his section 2255 motion was dismissed for want of prosecution. *Id.*, ECF No. 216.

On April 27, 2016, the United States Court of Appeals for the Eleventh Circuit denied the petitioner's first application under 28 U.S.C. § 2244 for authorization ("2244 authorization application") to file a second or successive section 2255 motion seeking relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson*"). *In re: Devorious Montez Wooden Jones*, No. 16-11320-H (11th Cir. Apr. 27, 2016) (unpublished); *see also United States v. Jones*, No. 1:10-cr-00453-ODE-

---

[1] The petitioner's Judgment Order was entered on February 17, 2012. *Id.*, ECF No. 164.

JFK, ECF No. 219. However, on July 14, 2016, the Eleventh Circuit granted the petitioner's second 2244 authorization application. *In re: Devorious Montez Wooden Jones*, No. 16-13531-J (11th Cir. July 14, 2016); *see also United States v. Jones*, No. 1:10-cr-00453-ODE-JFK, ECF No. 220.

Consequently, on August 11, 2016, the petitioner filed another section 2255 motion in the United States District Court for the Northern District of Georgia making a singular challenge to his section 924(c) conviction, and the attendant consecutive 84-month sentence, on the basis that his conviction for conspiracy to commit Hobbs Act Robbery no longer qualifies as a crime of violence under section 924(c) in light of *Johnson*, as made retroactive on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016). However, on January 23, 2017, the Georgia District Court dismissed the petitioner's *Johnson* section 2255 motion as untimely. *United States v. Jones*, No. 1:10-cr-00453-ODE-JFK, ECF Nos. 225, 226). The petitioner's motion for reconsideration (ECF No. 231) and motion for certificate of appealability (ECF No. 228) were subsequently denied by the Georgia District Court (ECF No. 235), and his request for a certificate of appealability was also denied by the Eleventh Circuit (ECF No. 237).

C. **The petitioner's present section 2241 petition.**

On June 27, 2016, the petitioner filed the instant section 2241 petition (ECF No. 1), with an accompanying memorandum (ECF No. 2), asserting that his conviction under 18 U.S.C. § 924(c) is invalid in light of the decision in *Johnson* because, absent the residual clause in section 924(c)(3)(B), his conviction for conspiracy to commit Hobbs Act Robbery is not a crime of violence under the force clause contained in section 924(c)(3)(A).

Because it plainly appears that the petitioner is not entitled to the relief requested in this court, the undersigned has not required the respondent to answer the petition.

## ANALYSIS

### A. The petitioner is not entitled to relief under section 2241.

The petitioner's claim clearly challenges the validity of his section 924(c) conviction, and not the manner in which his sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Northern District of Georgia. Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court. However, as noted in the procedural history, the petitioner was previously denied section 2255 relief in that court.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, the court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241. The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334. As further noted by the Court in *Rice v. Rivera*:

> In short, under the *Jones* rule a federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of such a change in the applicable law. If, conversely, the prisoner has an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction.

617 F.3d 802, 807 (4th Cir. 2010).

As noted above, the savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of section 2255. Thus, the fact that the petitioner's first section 2255 motion was denied, and his second section 2255 motion, which raised the very same claim he now raises herein, was denied

5

as being untimely, does not make section 2255 inadequate or ineffective to test the legality of his detention and will not permit this court to review his claim under section 2241.

Furthermore, the petitioner cannot satisfy the *Jones* criteria. In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague and, thus, a sentence enhanced thereunder violates the Due Process Clause of the Fifth Amendment. The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The ACCA defines a "violent felony" as "a crime punishable … by imprisonment for a term exceeding one year … that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B) (Emphasis added). The emphasized portion of this definition is known as the Act's "residual clause," which is the portion of the statute that was invalidated in *Johnson*.

The petitioner was not sentenced under the ACCA. Moreover, to the extent that his section 2241 petition asserts that his section 924(c) conviction is illegal, if the decision in *Johnson* is extended to the "residual clause" contained in section 924(c)(3)(B), he still cannot succeed in making that challenge in a 2241 petition filed in this court. The petitioner was convicted in a court within the Eleventh Circuit Court of Appeals. As of this date, the Eleventh Circuit has held that the residual clause contained in 18 U.S.C. § 924(c)(3)(B) is not void for vagueness and, thus, conspiracy to commit Hobbs Act robbery is a crime of violence thereunder. *See Ovalles v. United States*, 905 F.3d 1231 (11th Cir.

6

2018) (en banc); *see also Chance v. United States*, No. 17-15192, 2019 WL 1873269 (11th Cir. Apr. 26, 2019); *McKnight v. United States*, 753 F. App'x 873 (11th Cir. Jan. 17, 2019); *Herrera v. United States*, 752 F. App'x 944 (11th Cir. Jan. 10, 2019); *United States v. Hubert*, 883 F.3d 1319, 1327-28 (11th Cir. 2018).

While the United States Court of Appeals for the Fourth Circuit has held that the residual clause in section 924(c)(3)(B) is void for vagueness and that conspiracy to commit Hobbs Act robbery is not a crime of violence under the force clause contained in section 924(c)(c)(A), *see United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc),[2] it is not the law of the Fourth Circuit that governs herein. Rather, it is the law of the petitioner's circuit of conviction, the Eleventh Circuit, that controls the petitioner's claim. *See, e.g., Van Hoorelbeke v. United States*, No. CA-0-08-3869-CMC-PJG, 2010 WL 146289, at *4 (D.S.C. Jan, 8, 2010) (citing *Chaney v. O'Brien*, No. 07-0012, 2007 WL 1189641, at *3 (W.D. Va. Apr. 23, 2007) (holding that, in applying the second prong of the *Jones* test, "the substantive law relevant to a § 2241 petition is that of the circuit in which the petitioner was convicted); *see also Eames v. Jones*, 793 F. Supp.2d 747, 750 (E.D.N.C. 2011) (finding the law of the circuit of conviction should apply to § 2241 proceedings held in a different circuit); *Gordon v. Conley*, No. 5:99-cv-00204, 2000 WL 34240482 (S.D. W. Va., June 30, 2000) ("'[C]hange in law' is not to be equated with a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated . . . .").

---

[2] The undersigned further notes that this issue is presently pending before the Supreme Court of the United States in *United States v. Davis*, No. 18-431, 2019 WL 98544 (Jan. 4, 2019), which has caused the Fourth Circuit to stay the mandate in *Simms*. Oral argument in *Davis* was held on April 17, 2019. Nonetheless, even if the Supreme Court were to extend the vagueness analysis of *Johnson* to the section 924(c) residual clause, and then retroactively apply that decision on collateral review, such relief would be available to the petitioner, if at all, in his sentencing court via section 2255.

As noted by the *Chaney* court, and affirmed by the Fourth Circuit, "applying the substantive law of the place of confinement . . . would base the choice of law decision on the fortuitous placement of a prisoner by the Bureau of Prison, not the more rational factor of the place of conviction." 2007 WL 1189641 at *3 [other citations omitted]. Thus, the petitioner cannot satisfy the *Jones* criteria for review of this claim under the savings clause because the substantive law of the circuit governing his sentencing court has not changed.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review the petitioner's claim contained in his section 2241 petition.

Moreover, while this court could construe the petitioner's petition as section 2255 motion and transfer it to his court of conviction, such action would be futile because such a motion would likely be another unauthorized second or successive motion. It further appears that the petitioner would not be entitled to any collateral relief on his claim. Therefore, treating the present petition as a section 2255 motion and transferring it to the court of conviction would be futile.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action for lack of jurisdiction.

The petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner.

May 7, 2019

Dwane L. Tinsley
United States Magistrate Judge